UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

FPP, LLC, f/k/a/ PANTHER PANACHE, LLC,

        Plaintiff,

 -v-                                        No.  14 CV 06172-LTS-AJP

XAXIS US, LLC, f/k/a/ 24/7 REAL MEDIA US, INC.,

        Defendant.

MEMORANDUM OPINION AND ORDER

        Before the Court is an objection by Plaintiff FPP, LLC ("FPP"), to the December 18, 2015, Order of Magistrate Judge Andrew J. Peck holding that written statements by Christina Van Tassell, Chief Financial Officer of Defendant Xaxis US, LLC ("Xaxis"), in an e-mail that Van Tassell sent to other officers of Defendant, were properly redacted by Xaxis as subject to the attorney-client privilege.  (See docket entry no. 163.)  For the reasons set forth below, FPP's objection to the ruling is sustained.

BACKGROUND

        On March 27, 2014, Rob Schneider, Senior Vice President of Global Partnerships and Corporate Development of Xaxis, sent an e-mail to several executives of Xaxis, including Van Tassell, and Xaxis's outside counsel, regarding FPP's information demands on certain issues that are central to the subject of this action.  (See docket entry no. 162-2, Declaration of Christina Van Tassell in Response to Magistrate Judge Peck's December 11, 2015, Order, ¶ 4.) On March 28, 2014, Van Tassell sent a reply e-mail, which contained the statements at issue, but

removed Xaxis's outside counsel from the recipients.[1]  (Id. ¶ 5.)

During discovery, Xaxis initially produced Van Tassell's e-mail without redaction of the statements at issue, but clawed the e-mail back on August 3, 2015.  (See docket entry no. 176-1, Transcript of the Hearing Before Magistrate Judge Peck on December 11, 2015 ("Trans."), p. 5.)  Subsequently, Xaxis re-produced the e-mail with Van Tassell's statements redacted, claiming that the redacted text was withheld pursuant to the attorney-client privilege.[2]  (See docket entry no. 101-1, Declaration of Paul F. Corcoran in Support of Defendant's Response to Plaintiff's Objetion to Magistrate Judge Peck's September 8, 2015, Order Upholding Clawback, Ex. A.[3])  On September 8, 2015, Judge Peck upheld Xaxis's clawback.  (Docket entry no. 83 at 13:5-7.)  On September 22, 2015, FPP objected to Judge Peck's September 8, 2015, Order permitting the withholding of the e-mail as privileged.  (See docket entry no. 89.)  On December 7, 2015, the Court issued an Order sustaining FPP's objection on the ground that Judge Peck's ruling addressed only the clawback, not whether the e-mail was privileged.  (See docket entry no. 156.)  The Court remanded the matter to Judge Peck for a determination as to whether the e-mail was in fact privileged.  (Id.)  A hearing was held on December 11, 2015, and Judge Peck entered a Memo Endorsed Order on December 18, 2015, concluding that the e-mail was privileged (see docket entry nos. 163 & 170), to which FPP now

---

[1]  Although Judge Peck's Order states that the e-mail itself is privileged, FPP concedes that it is not seeking discovery of the text of Schneider's initial e-mail—to which Van Tassell added statements—but only Van Tassell's added statements.  (See docket entry no. 175, FPP, LCC's Objection to Magistrate Judge Peck's December 18, 2015, Order, p. 2.)

[2]  Xaxis solely asserts attorney-client privilege and does not invoke the work product doctrine or any other basis for withholding van Tassell's statements.

[3]  The e-mail at issue is the document bearing the Bates number XA-AP-02068886.

objects.

DISCUSSION

28 U.S.C. §636(b)(1)(A) authorizes a magistrate judge to hear and determine non-dispositive pretrial matters, and further provides that, upon a timely objection, a district judge "may reconsider any [non-dispositive] pretrial matter [determined by the magistrate judge] . . . where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law."  28 U.S.C.A. § 636(b)(1)(A) (Lexis Nexis 2009).  Federal Rule of Civil Procedure 72(a) similarly provides, with respect to non-dispositive pretrial determinations by a magistrate judge, that "[t]he district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law."  Xaxis's objection to the December 8, 2015, Order was timely.

Under Federal Rule of Evidence 501, in diversity actions such as this one, the state law that governs the underlying action defines the elements of the attorney-client privilege.  Fed. R. Evid. 501.  Here, the contract at issue includes a choice-of-law provision designating New York law as the governing authority.  (See docket entry no. 10, Amended Complaint, Ex. A, §10.2.)  Accordingly, the New York law of privilege applies.  The burden of establishing that the attorney-client privilege protects a particular communication is on the party asserting it.  Spectrum Systems Intern. Corp. v. Chemical Bank, 78 N.Y.2d 371, 377 (N.Y. 1991).

Under New York law, the attorney-client privilege protects confidential communications between an attorney and the client in the course of professional employment.  N.Y. C.P.L.R. §4503(a); see also HSH Nordbank AG New York Branch v. Swerdlow, 259 F.R.D. 64, 70 (S.D.N.Y. 2009) ("[P]arty [asserting attorney-client privilege under New York

law] satisfies its burden of proof where it establishes that the information was a communication between client and counsel, that it was intended to be and was kept confidential, and that it was made in order to assist in obtaining or providing legal advice or services to the client." (emphasis added) (internal citations and quotation marks omitted)).  Here, although Van Tassell's statements were prompted by a communication with an attorney, there is no evidence that her statements were communicated to the attorney.  Indeed, she removed the attorney from the distribution list when she replied, and indicated in her declaration submitted to the Court that she had merely offered her comments for possible use by a business colleague in a future communication with the attorney.  (See Trans. p. 6; docket entry no. 162-2).  Xaxis has not argued, nor proffered any evidence showing, that any counsel was privy to the communication of Van Tassell's statements.  Xaxis has therefore failed to satisfy its burden of establishing the applicability of the attorney-client privilege under New York law because it has not demonstrated "that the information was a communication between client and counsel." HSH Nordbank, 229 F.R.D. at 70.

        The cases cited by Xaxis in support of its claim of privilege are inapposite.  The principal issue in those cases was whether the privilege that had attached to a communication was vitiated by subsequent exchange of such information among corporate employees.  See, e.g., Scott v. Chipotle Mexican Grill, Inc., 94 F. Supp. 3d 585, 600 (S.D.N.Y. 2015) (corporate employees discussing legal advice their corporation had received); Wellnx Life Science Inc. v. Lovate Health Science Resarch, Inc., 06 CV 7785, 2007 WL 1573913, at *2 (S.D.N.Y. May 24, 2007) (corporate executive forwarding to another executive a message previously sent to outside counsel); Bank of Brussels Lambert v. Credit Lyonnais (Suisse) S.A., 160 F.R.D. 437, 442 (S.D.N.Y. 1995) (corporate employee transferring legal advice obtained from counsel to another

corporate employee). Here, Xaxis has not established that the attorney-client privilege ever attached to Van Tassell's statements.

Because Xaxis failed to satisfy its burden of establishing that Van Tassell's statements at issue are protected by the attorney-client privilege, the Court finds that Judge Peck's December 18, 2015, Order was in error, and FPP's objection is sustained.

## CONCLUSION

For the foregoing reasons, FPP's objection to Magistrate Judge Peck's December 18, 2015, Order is sustained. Xaxis is directed to produce the e-mail in question without redaction of Van Tassell's statements. This Order resolves docket entry no. 175. This case remains referred to Judge Peck for general pretrial management.

SO ORDERED.

Dated: New York, New York
April 29, 2016

    /s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
United States District Judge