UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x

FPP, LLC,

       Plaintiff,

-v-                                          No. 14 CV 6172-LTS-AJP

XAXIS US, LLC,

       Defendant.

-------------------------------------------------------x

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6-29-2016

### MEMORANDUM ORDER

      Before the Court is an objection by Plaintiff FPP, LLC ("FPP") to an order by Magistrate Judge Andrew J. Peck, to whom this case has been referred for general pre-trial management, denying Plaintiff's motion to reopen fact discovery in this case to permit Plaintiff to conduct additional depositions, and to supplement the record for the pending cross-motions for summary judgment. Because Magistrate Judge Peck's ruling was not clearly erroneous or contrary to law, Plaintiff's objection is overruled.

      Section 636(b)(1)(A) of Title 28 of the U.S. Code authorizes a magistrate judge to hear and determine non-dispositive pretrial matters and further provides that, upon a timely objection, a district court judge "may reconsider any [non-dispositive] pretrial matter ... where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law." See 28 U.S.C.S. § 636(b)(1)(A) (LexisNexis 2001). In this connection, Federal Rule of Civil Procedure 72(a) provides that, following a party's timely objection to a magistrate judge's order, "[t]he district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a).

Where a deponent has already been deposed, as all of the individuals in question here were, a court "must grant leave" to reopen the deposition "consistent with [Federal] Rule [of Civil Procedure] 26(b)(1) and (2)." Fed. R. Civ. P. 30(a)(2). Pursuant to Rule 26(b)(2), "the court must limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that: (i) the discovery sought is unreasonably cumulative or duplicative . . . [or] (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action."

Here, Plaintiff argues that it did not have the opportunity to question three fact witnesses about an email that was recently re-produced, without certain redactions, pursuant to this Court's order. (See docket entry no. 181.) Magistrate Judge Peck noted on the record below that the Plaintiff did, in fact, ask one of those witnesses questions at a previous deposition about the substantive content of the email (which at that point had been produced, clawed back, and then re-produced with redactions that had not yet been challenged), and Judge Peck apparently concluded on that basis that the Rule 26(b)(2)(ii) exception to granting leave for a deposition applies. (See docket entry no. 198-1 (Transcript), at 3:6-18.) It was not clearly erroneous for Judge Peck to conclude that Plaintiff's questioning of a deposition witness, where there was no instruction to the witness not to answer, and where Plaintiff's counsel claimed that it had a good-faith basis at that time for asking questions relating to the substance of the document in question, demonstrated that Plaintiff had the opportunity to obtain the information it now seeks by prior discovery.

Plaintiff's objection to Judge Peck's order is therefore overruled. Plaintiff will, however, be permitted to supplement its summary judgment submissions with a brief, not to exceed three double-spaced pages in 12-point font, containing its arguments relating to the

significance of the recently produced document. Any such supplemental brief must be filed by **July 8, 2016**. Defendant may respond with a supplemental brief not to exceed three double-spaced pages in 12-point font no later than **July 15, 2016**. The summary judgment briefing will then be closed.

Defendant's request for sanctions pursuant to 28 U.S.C. section 1927 in connection with the instant objection to Magistrate Judge Peck's order is denied, as Defendant has not demonstrated that Plaintiff's counsel filed its objection unreasonably and vexatiously. Any request for sanctions regarding conduct at the depositions should be directed to Magistrate Judge Peck, to the extent the request has not already been withdrawn.

This case remains referred to Magistrate Judge Peck for general pre-trial management.

SO ORDERED.

Dated: New York, New York
      June 29, 2016

/s/ LAURA TAYLOR SWAIN
United States District Judge